Jeanne L. Zimmer (State Bar No. 123321)
J. Grace Felipe (State Bar No. 190893)
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
STELLAR RECOVERY, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| DINA GARCIA, on Behalf of Herself and al Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>STELLAR RECOVERY, INC.<br><br>Defendant. | CASE NO. 5:16-cv-00521-PSG<br><br>**DEFENDANT STELLAR RECOVERY, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

**COMES NOW** the Defendant **STELLAR RECOVERY, INC.** ("Stellar"), by and through its undersigned counsel, and submits this Answer to Plaintiff's Class Action Complaint and in support states as follows:

///

///

///

## NATURE OF THE ACTION

1. Stellar lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, specifically, the phone number(s) alleged to have been called and the dates of the alleged calls and, therefore denies the allegations and demands strict proof thereof.

2. Defendant admits that the allegations in Plaintiff's Complaint are pursuant to the Telephone Consumer Protection Act, 47 U.S.C §227 *et. seq.* ("TCPA"). However, all remaining allegations in Paragraph 2 are denied and Defendant demands strict proof thereof.

3. Defendant admits that the allegations in Plaintiff's Complaint are pursuant to the Fair Debt Collection Practices Act, 15 U.S.C §1692 *et. seq.* (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, *Civil Code* 1788 *et. seq.* (hereinafter, the "Rosenthal Act"). However, all remaining allegations in Paragraph 2 are denied and Defendant demands strict proof thereof.

## PARTIES

4. Stellar admits on information and belief the Plaintiff is a resident of Scotts Valley, California but has insufficient information to admit or deny the remaining averments in this paragraph.

5. Stellar admits that it is a Florida corporation but denies that its principal place of business is Kalispell, Montana.

## JURISDICTION AND VENUE

6. Stellar does not contest jurisdiction. Stellar denies this paragraph to the extent that it asserts Stellar has committed any wrongdoing subjecting it to the Court's jurisdiction.

7. Stellar does not contest jurisdiction. Stellar denies this paragraph to the extent that it asserts Stellar has committed any wrongdoing subjecting it to the Court's jurisdiction.

///

8. Stellar does not contest venue. However, Stellar denies this paragraph to the extent that it asserts Stellar has committed any wrongdoing subjecting it to this venue.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A. The Telephone Consumer Protection Act of 1991

9. Stellar admits the TCPA was enacted in 1991 but denies any wrongdoing alleged in this paragraph and demands strict proof thereof.

10. Paragraph 10 of Plaintiff's Complaint consists of a recitation of the TCPA and makes no allegations against Stellar and, therefore, it commands no response. However, should it be determined to command a response, Stellar pleads that the TCPA and its legislative history speak for themselves.

11. Paragraph 11 of Plaintiff's Complaint consists of legal conclusions drawn from findings by the FCC and makes no allegations against Stellar and, therefore, it commands no response. However, should it be determined to command a response, Stellar pleads that the FCC and its legislative history speak for themselves.

12. Paragraph 12 of Plaintiff's Complaint consists of legal conclusions drawn from rulings by the FCC and makes no allegations against Stellar and, therefore, it commands no response. However, should it be determined to command a response, Stellar pleads that the FCC and its legislative history speak for themselves.

### B. Defendant's Robocalls to Plaintiff and Class Members

13. Stellar lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, specifically, the phone number(s) alleged to have been called and the dates of the alleged calls and, therefore denies the allegations and demands strict proof thereof.

///

///

14. Stellar lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, specifically, all of the dates of the alleged calls and, therefore denies the allegations and demands strict proof thereof.

15. Stellar lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, specifically, all of the dates of the alleged calls and, therefore denies the allegations and demands strict proof thereof.

16. Stellar lacks information sufficient to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the allegations and demands strict proof thereof.

## CLASS ACTION ALLEGATIONS

17. Stellar lacks information sufficient to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the allegations and demands strict proof thereof.

18. Paragraph 18 of Plaintiff's Complaint is a proposed Robocall Class definition and makes no allegations against Stellar and, therefore, it commands no response. However, should it be determined to command a response, Stellar denies all allegations and demands strict proof thereof.

19. Paragraph 19 of Plaintiff's Complaint is a proposed Autodialer Class definition and makes no allegations against Stellar and, therefore, it commands no response. However, should it be determined to command a response, Stellar denies all allegations and demands strict proof thereof.

20. Paragraph 20 of Plaintiff's Complaint is a proposed FDCPA Class definition and makes no allegations against Stellar and, therefore, it commands no response. However, should it be determined to command a response, Stellar denies all allegations and demands strict proof thereof.

21. Paragraph 21 of Plaintiff's Complaint is a proposed Rosenthal Act Class definition and makes no allegations against Stellar and, therefore, it commands no response. However, should it be determined to command a response, Stellar denies all allegations and demands strict proof thereof.

22. Paragraph 22 consists of legal conclusions and proposed class name and makes no allegations against the Defendant, therefore, it commands no response. However, should it be determined to command a response, Stellar denies all allegations and demands strict proof thereof.

23. Paragraph 23 consists of statement and theory of Plaintiff and makes no allegations against the Defendant, therefore, it commands no response. However, should it be determined to command a response, Stellar denies all allegations and demands strict proof thereof.

24. Defendant denies all allegations in Paragraph 24 of the complaint and demands strict proof thereof.

25. Defendant denies all allegations in Paragraph 25 of the complaint and demands strict proof thereof.

26. Defendant denies all allegations in Paragraph 26 of the complaint and demands strict proof thereof.

27. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 27 of Plaintiff's Complaint and therefore denies the allegations and demands strict proof thereof.

28. Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 28 of Plaintiff's Complaint and therefore denies the allegations and demands strict proof thereof.

29. Defendant denies all allegations in Paragraph 29 of the complaint and demands strict proof thereof.

30. Defendant denies all allegations in Paragraph 30 of the complaint and demands strict proof thereof.

///

///

///

{00045818;1} 08420.20

## CAUSE OF ACTION

## FIRST COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227, *et. seq.*

31. Defendant reincorporates and re-alleges its responses by reference the foregoing paragraphs of this Answer as if fully set forth herein.

32. Paragraph 32 of the Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 32 and demands strict proof thereof.

33. Paragraph 33 of the Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 33 and demands strict proof thereof.

34. Paragraph 34 of the Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 34 and demands strict proof thereof.

35. Paragraph 35 of the Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 35 and demands strict proof thereof.

## SECOND COUNT

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227, *et.seq.*

36. Defendant reincorporates and re-alleges its responses by reference the foregoing paragraphs of this Answer as if fully set forth herein.

37. Paragraph 37 of the Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 37 and demands strict proof thereof.

38. Paragraph 38 of the Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 38 and demands strict proof thereof.

39. Paragraph 39 of the Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 39 and demands strict proof thereof.

40. Paragraph 40 of the Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 40 and demands strict proof thereof.

## THIRD COUNT

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692, *et. seq.***

41. Defendant reincorporates and re-alleges its responses by reference the foregoing paragraphs of this Answer as if fully set forth herein.

42. Paragraph 42 of the Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 42 and demands strict proof thereof.

43. Paragraph 43 of the Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 43 and demands strict proof thereof.

///

## FOURTH COUNT

## VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. *Civ. Code* 1788, *et. seq.*

44. Defendant reincorporates and re-alleges its responses by reference the foregoing paragraphs of this Answer as if fully set forth herein.

45. Paragraph 45 of the Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 45 and demands strict proof thereof.

46. Paragraph 46 of the Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 46 and demands strict proof thereof.

47. Paragraph 47 of the Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 47 and demands strict proof thereof.

48. Defendant denies that the requested relief is appropriate and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim against Stellar upon which relief can be granted.

### Second Affirmative Defense

Class treatment is grossly inferior to individual treatment in this case.

///

///

///

### Third Affirmative Defense

Stellar's telephone system is not an automatic telephone dialing system under 47 U.S.C. § 227(a) because the telephone system does not use a random or sequential number generator to store or produce or dial telephone numbers, and because it entails human intervention.

### Fourth Affirmative Defense

Plaintiff is not an adequate class representative and his attempt to represent the class is antagonistic to the class that he seeks to represent.

### Fifth Affirmative Defense

Common questions of law or fact do not overweigh the individual issues and preclude class treatment in this matter.

### Sixth Affirmative Defense

Plaintiff's claims are atypical of the prospective class. The claims of Plaintiff are not typical of the class.

### Seventh Affirmative Defense

Defendant affirmatively alleges that Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

///

///

///

///

///

### Eighth Affirmative Defense

Defendant alleges that any actions of the Defendant and its agents and/or employees are protected by the "bona fide error" defense pursuant to the FDCPA since such actions or inactions, if they occurred and if they resulted in a violation of the FDCPA, were not intentional and resulted from a bona fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such errors.

### Ninth Affirmative Defense

Defendant denies any liability, however, in the event any liability is established Plaintiff has suffered no actual damages.

### Tenth Affirmative Defense

Stellar affirmatively states that it maintains thorough training procedures for all employees who participate in collection communications. Any collection communication, which may have allegedly violated the FDCPA, TCPA or the Rosenthal Act are subject to a bona fide error defense.

### Eleventh Affirmative Defense

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

### Twelfth Affirmative Defense

Stellar reserves the right to assert any other affirmative defenses as revealed within the discovery process.

////

///

///

## RESERVATION OF DEFENSES

Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant demands that the Complaint be dismissed with prejudice, and that the Court issue an order awarding it its costs of suit, including attorneys' fees, and all other relief this Court may deem just and equitable.

Dated: March 10, 2016　　　　　　　　**CARLSON & MESSER LLP**


By: /s/ Jeanne L. Zimmer
　　Jeanne L. Zimmer
　　J. Grace Felipe
　　Attorneys for Defendant,
　　STELLAR RECOVERY, INC.

# CERTIFICATE OF SERVICE

**I HERBY CERTIFY** that a true and correct copy of the foregoing was filed and served on March 10, 2016 via the Court Clerk's CM/ECF system which will provide notice to the following: L. Timothy Fisher, Esquire, Counsel for Plaintiff, ltfisher@bursor.com; Annick M. Persinger, Esquire, Counsel for Plaintiff, apersinger@bursor.com; and Yeremey O. Krivoshey, Esquire, Counsel for Plaintiff, ykrivoshey@bursor.com.

By: /s/ Jeanne L. Zimmer
Jeanne L. Zimmer