L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krvoshey (State Bar No. 295032)
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
(925) 300-4455 Telephone
(925) 407-2700

Attorneys for Plaintiff,
DINA GARCIA, On Behalf
of Herself and all Others Similarly Situated


Jeanne L. Zimmer (State Bar No. 123321)
J. Grace Felipe (State Bar No. 190893)
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
STELLAR RECOVERY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| DINA GARCIA, on Behalf of Herself and all Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STELLAR RECOVERY, INC.<br><br>　　　　　Defendant. | CASE NO. 5:16-cv-00521-BLF<br><br>**STIPULATION AND PROPOSED ORDER AMENDING THE CASE MANAGEMENT ORDER [Docket No. 21] AND ORDER SETTING PRETRIAL DEADLINES [Docket No. 24]**<br><br>Judge Beth Labson Freeman<br><br>Complaint filed: 01/29/2016<br><br>Trial Date: 09/10/2018 |

**IT IS HEREBY STIPULATED TO** by and between Plaintiff, DINA GARCIA, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") and Defendant, STELLAR RECOVERY, INC. ("Defendant") (Plaintiff and Defendant are collectively referred to as "Parties"), through their respective counsel of record, as follows:

WHEREAS, on January 29, 2016, Plaintiff filed the instant Class Action Complaint for Damages in the United States District Court for the Northern District of California;

WHEREAS, the Parties appeared before Judge Beth Labson Freeman for a Case Management Conference on May 26, 2016;

WHEREAS, the Court issued a Case Management Order on May 26, 2016 setting the Class Certification Hearing for May 4, 2017 at 9:00 am (*See* Docket No. 21);

WHEREAS, pursuant to the stipulation of the Parties, the Court issued an Order Setting Pretrial Deadlines which set the following briefing schedule with respect to the motion for Class Certification:

| Motion for Class Certification | 1/27/17 |
| Opposition to Motion for Class Certification | 3/3/17 |
| Reply in Support of Class Certification | 4/7/17 |

[*See* Docket No. 24.]

WHEREAS, the Parties have not had adequate time to complete discovery and obtain evidence and information material to the issues that must be addressed during the class certification process;

WHEREAS, Plaintiff has served discovery on Defendant including written interrogatories, request for admissions and request for production of documents;

WHEREAS, there is some dispute as to Defendant's responses to Plaintiff's initial set of written discovery which the Parties were attempting to resolve but have postponed as they are currently engaged in settlement discussions;

WHEREAS, Plaintiff intends to take the deposition of Defendant's Person Most Knowledgeable;

WHEREAS, with respect to Defendant's Opposition to Plaintiff's Motion for Class Certification, Defendant intends to take the deposition of Plaintiff and serve interrogatories, requests for admissions and requests for production of documents as to the basis of Plaintiff's claims that she can establish the typicality, commonality, and predominance required by Rule 23 of the *Federal Rules of Civil Procedure*;

WHEREAS, because the Telephone Consumer Protection Act has a four-year statute of limitations, a substantial portion of the class-related discovery Plaintiff will be seeking from Defendant relates to four years of electronic and other data. Plaintiff asserts that this discovery is necessary to file a proper Motion for Class Certification;

WHEREAS, because Plaintiff's class-related discovery will require that Defendant extract multiple years' worth of electronic data, a portion of which is warehoused and archived, this will prove to be complicated and time-consuming, such that Plaintiff cannot file a sufficiently supported Motion for Class Certification by January 27, 2017;

WHEREAS, it will require a substantial investment of time and resources for Defendant to respond to Plaintiff's discovery in this matter, as Defendant must attempt to locate, retrieve, review and compile voluminous documents and information from the last year, which are not easily accessible in a single location or centralized database;

WHEREAS, in *Misra v. Decision One Mortg. Co.*, 673 F.Supp.2d 987, 993 (C.D. Cal. 2008), the Court in that case extended the class certification deadline beyond 90 days where "discovery [was] slow to commence," and "through no fault of Plaintiffs, the 90-day cut-off contemplated by the Local Rules occurred prior to the Rule 16 scheduling conference";

WHEREAS, counsel for the parties have conferred and agreed to extend Plaintiff's deadline for filing a Motion for Class Certification and related dates as follows:

1. Plaintiff's deadline to file a motion for class certification is extended January 27, 2017 to March 31, 2017;

2. Defendant has twenty-eight (28) days from the date of Plaintiff's Motion for Class Certification is filed, to file an Opposition; and

3. Plaintiff has fourteen days (28) from the date on which Defendant's Opposition to Motion for Class Certification is filed, to file a Reply to Defendant's Opposition.

WHEREAS, the Parties' counsel believe an extension of the Motion for Class Certification deadlines in this matter would promote potential resolution, as the parties would have additional time to negotiate settlement and determine whether this matter, too, can reasonably and feasibly be resolved without the need for further judicial proceedings related to complex class-certification issues and exorbitant legal fees for both sides;

WHEREAS, this request is not made for any improper purpose or delay, but rather to facilitate the parties' opportunity to conduct limited and reasonable discovery and to have the opportunity to seek to resolve the case informally before the class certification briefing is due. (*See e.g. Campion v. Old Republic Home Prot. Co.*, Case No. 09-CV-748-JMA(NLS), (S.D. Cal. Mar. 24, 2010) (Dkt. 26) (granting stipulation to continue class certification deadline based on time needed to assess discovery); *Lehr v. City of Sacramento*, 2:07-CV-01565-MCE, 2013 WL 1326546 at *1 (E.D. Cal. Apr. 2, 2013) (noting that plaintiffs moved for class certification but stipulated to continue the hearing on the motion to permit the parties to attempt to mediate a resolution of the litigation. As a result of that mediation, plaintiffs and co-defendant reached a settlement agreement.)

WHEREAS, the Parties have not made any prior request to extend the Motion for Class Certification deadlines, and

WHEREAS, the Parties agree that the requested extension of time will not cause any prejudice to them.

NOW THEREFORE, the Parties respectfully request that this Court issue an order that (1) Plaintiff's deadline to file a Motion for Class Certification is extended from January 27, 2017 to May 31, 2017, (2) Defendant has 28 days from the date Plaintiff's Motion is filed to file an Opposition, and (3) Plaintiff has 28 days from the date Defendant's Opposition is filed to file a Reply. A [Proposed] Order regarding this request is submitted concurrently herewith for the Court's consideration.

**IT IS SO STIPULATED.**

Dated: November 22, 2016　　　　**BURSOR & FISHER. P.A.**

　　　　　　　　　　　　　　　　By: /s/ Annick M. Persinger
　　　　　　　　　　　　　　　　　　L. Timothy Fisher
　　　　　　　　　　　　　　　　　　Annick M. Persinger
　　　　　　　　　　　　　　　　　　Yeremey O. Krivoshey
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　　　　　　　　　DINA GARCIA, on Behalf of Herself
　　　　　　　　　　　　　　　　　　and all Others Similarly Situated


Dated: November 22, 2016　　　　**CARLSON & MESSER LLP**

　　　　　　　　　　　　　　　　By: /s/ Jeanne L. Zimmer
　　　　　　　　　　　　　　　　　　Jeanne L. Zimmer
　　　　　　　　　　　　　　　　　　J. Grace Felipe
　　　　　　　　　　　　　　　　　　Attorneys for Defendant,
　　　　　　　　　　　　　　　　　　STELLAR RECOVERY, INC.

## [PROPOSED] ORDER

Pursuant to the stipulation of the Parties and good cause appearing therefor, the Court orders the following dates are continued:

|  | Old Date | New Date |
|---|---|---|
| Motion for Class Certification | 1/27/17 | 3/31/17 |
| Opposition to Motion for Class Certification | 3/3/17 | 4/28/17 |
| Reply in Support of Class Certification | 4/7/17 | 5/26/17 |

IT IS SO ORDERED.

Dated:_____

_____
HONORABLE BETH LABSON FREEMAN
United States District Judge

## **ECF SIGNATURE CERTIFICATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby certify that the content of this document is acceptable to Annick M. Persinger, counsel for Plaintiff, and that I have obtained Ms. Persinger authorization to affix her electronic signature to this document.

Dated: November 22, 2016  /s/ J. Grace Felipe
J. Grace Felipe